IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>Plaintiff,<br><br>v.<br><br>CHAFFIN TOWER SERVICES, INC.,<br><br>Defendant. | Civil Action No.   18-CV-367-RAW<br><br>**COMPLAINT** |

Plaintiff Zurich American Insurance Company of Illinois, by way of Complaint against Defendant Chaffin Tower Services, Inc., alleges as follows:

## PARTIES

1. Plaintiff Zurich American Insurance Company of Illinois (hereinafter "ZAICI") is an Illinois corporation engaged in the insurance business with a statutory home office and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. ZAICI is authorized to transact business and has transacted business in Oklahoma.

2. Defendant Chaffin Tower Services, Inc. ("Defendant") is a corporation organized under the laws of the State of Oklahoma with a principal place of business at 1218 West Main, Hulbert, Oklahoma 74441-2092.

## JURISDICTIONAL ALLEGATIONS

3. The amount in controversy between the parties is in excess of $75,000.

4. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## FACTUAL BACKGROUND

5. ZACI repeats, restates, and realleges the allegations of Paragraphs 1 through 4 of as if fully set herein.

6. ZAICI issued a policy of workers' compensation insurance to Defendant under Policy No. WC 939803-02 for the effective dates of April 15, 2016 to April 15, 2017 (the "2016 Policy").

7. ZAICI issued a policy of workers' compensation insurance to Defendant under Policy No. WC 939803-03 for the effective dates of April 15, 2017 to April 15, 2018 (the "2017 Policy").

8. The 2016 Policy and the 2017 Policy are collectively referred to as the "Policies".

9. The Policies are insurance contract which provide insurance for certain liabilities of Defendant as set forth in the Policies.

10. ZAICI fulfilled its contractual obligations and provided the coverage afforded by the Policies.

11. Pursuant to the terms of the Policies, initial premiums for the Policies are based on information submitted by Defendant regarding its estimated exposure (i.e. payroll, sales, etc.) for the effective dates of coverage.

12. Since initial premiums are based on estimated information, the Policies are subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional or return premiums.

13. The audit of the 2016 Policy revealed additional premiums in the amount of $129,307.00 owed by Defendant to ZAICI.

14. The audit of the 2017 Policy revealed additional premiums in the amount of $44,062.00.

15. ZAICI issued invoices and/or demands for payment of the unpaid audit premiums for the Policies in a timely fashion.

16. Defendant is currently indebted to ZAICI in the amount of $173,369 ($129,307.00 + $44,062.00) plus interest ($6,809.51, as of August 20, 2018) due to Defendant's failure and refusal t remit payment of the audit premiums.

17. ZAICI has repeatedly demanded Defendant remit payment of the $180,178.51 balance owed by Defendant to ZAICI.

## COUNT ONE
(Breach of Contract)

18. ZAICI repeats, restates and realleges the allegations of Paragraphs 1 through 17 as if fully set forth herein.

19. Defendant has failed, refused and continues to refuse to pay the $180,178.51 balance due and owing to ZAICI.

20. ZAICI has consistently met and fulfilled its contractual obligations to Defendant.

21. Defendant, through its failure and refusal to remit payment, has breached the contracts, i.e. the Policies.

22. Defendant's failure and refusal to pay the $180,178.51 balance which it owes to ZAICI has resulted in damages to ZAICI in the amount of $180,178.51.

**WHEREFORE**, ZAICI demands judgment against Defendant in the amount of $180,178.51 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

## COUNT TWO
(Unjust Enrichment)

23. ZAICI repeats, restates and reallages the allegations of Paragraphs 1 through 4 as if fully set forth herein.

24. ZAICI has provided insurance coverage and related services to Defendant for which Defendant has refused to pay.

25. Defendant acknowledged and accepted the insurance coverage and related services provided by ZAICI.

26. Defendant benefitted from the insurance coverage and related services provided by ZAICI.

27. Defendant has been unjustly enriched by the insurance coverage and related services to ZAICI's detriment.

28. It would be unconscionable for Defendant to retain the benefits of insurance coverage and related services without payment to ZAICI.

29. ZAICI has repeatedly demanded that Defendant remit payment for the insurance coverage and related services provided by ZAICI.

30. Defendant's failure and refusal to pay the $180,178.51 balance it owes to ZAICI has resulted in damages to ZAICI in the amount of $180,178.51.

**WHEREFORE**, ZAICI demands judgment against Defendant in the amount of $180,178.51 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

## COUNT THREE
(Account Stated)

31. ZAICI repeats, restates and realleges the allegations of Paragraphs 1 through 17 as if fully set forth herein.

32. ZAICI presented a statement of account to Defendant.

33. Defendant did not dispute the statement of account.

34. Defendant has failed to provide any information or documents identifying an error in the account statement.

35. Defendant, being indebted to ZAICI in the sum of 180,178.51 upon an account stated between them, promised to pay ZAICI said sum on demand.

36. ZAICI has demanded payment of the amount due and owing from Defendant to ZAICI on numerous occasions prior to filing the instant litigation.

37. Defendant's failure and refusal to pay the $180,178.51 balance which it owes to ZAICI has resulted in damages to ZAICI in the amount of $180,178.51.

**WHEREFORE**, ZAICI demands judgment against Defendant in the amount of $180,178.51 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

November 9, 2018
Date

Respectfully submitted,

BRESSLER, AMERY & ROSS, P.C.

/s/ Jed L. Marcus
Jed L. Marcus, Esq.
Attorney-in-Charge
325 Columbia Turnpike
Florham Park, NJ 07932
Tel: (973) 514-1200
Fax: (973) 514-1660
jmarcus@bressler.com
*Attorneys for Plaintiff*